829 F.2d 38
 44 Empl. Prac. Dec. P 37,449
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lisa HOFFMAN, Appellant,
v.
GLIDDEN COATINGS & RESINS, DIVISION OF SCM CORPORATION, Appellee.
 No. 86-3738
 United States Court of Appeals, Sixth Circuit.
 September 10, 1987.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the district court granting summary judgment to defendant, Glidden, in her employment discrimination suit, brought pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleged that she was denied an interview for full-time employment and was ultimately discharged because she is a female. Defendant contended that plaintiff had been hired as a temporary employee as part of a company practice of assisting its full-time employees by extending summer employment to their children, and that she was not extended full-time employment because that would have violated the company's anti-nepotism hiring policy on full-time employment, since her father was an employee. Moreover, defendant contended that plaintiff's poor performance disqualified her from consideration for full-time employment.
 
 
 2
 In his report to the district court, the magistrate assumed arguendo, that plaintiff could establish a prima facie case of sex discrimination, but determined that there was no genuine issue of fact concerning defendant having a legitimate non-discrimination and non-pretextual basis for its conduct. Accordingly, the magistrate recommended summary judgment for the company, and the district court adopted the magistrate's report and recommendation.
 
 
 3
 At the outset, we reject defendant's contention that plaintiff waived appellate review by failing to object to the magistrate's report. No clear notice was provided plaintiff that such a consequence could result from failure to object. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).
 
 
 4
 Plaintiff opposed defendant's motion for summary judgment with her own affidavit. The magistrate concluded that this affidavit offered no competent evidence to rebut defendant's contention that its decision was based upon an anti-nepotism policy which was in existence at the time and was applied to plaintiff in a non-discriminatory manner. The magistrate arrived at this conclusion by noting those portions of plaintiff's affidavit which could and which could not have been based upon her personal knowledge.
 
 
 5
 Yet the magistrate acknowledged that plaintiff was in the position to make three key assertions, found in her affidavit, upon personal knowledge--that she was told by the company's Operations Controller that she would be next in line for a permanent position; that she was never told that she would not be allowed to interview for a permanent position because her father was an employee at Glidden; and that there were fathers and sons, husbands and wives, and brothers employed by defendant at that time.
 
 
 6
 Plaintiff, as the non-moving party responding to defendant's motion for summary judgment, was, of course, entitled to have the summary judgment evidence construed most strongly in her favor. This included granting to her the benefit of all reasonable inferences to be drawn from that evidence, which were favorable to her cause.
 
 
 7
 One may reasonably infer from the statements listed above that the uniformly applied anti-nepotism policy which defendant says it applied to plaintiff, did not, in fact, exist. And, from plaintiff's statement that the policy was not cited to her as the reason for her not receiving an interview, one can infer that the company did not rely upon such a policy as the basis for its conduct toward this employee.
 
 
 8
 As there was a genuine issue as to material facts, defendant was not entitled to summary judgment. Accordingly, the judgment of the district court is reversed and this cause is REMANDED to the district court for further proceedings according to law and consistent with this decision.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Court for the Western District of Tennessee, sitting by designation